UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| PRICE, ET AL. | SECTION A(3) |

## ORDER AND REASONS

In an Order and Reasons entered on July 1, 2016 (Rec. Doc. 425) the Court conditionally granted in part and denied in part the Government's Motion in Limine Regarding the Admissibility of Music Videos and Lyrics Against All Defendants (Rec. Doc. 276). The motion in limine pertained to 14 rap songs (in some cases portions of them), and accompanying videos, that the Government sought to admit against all defendants at trial. The Court ruled that the Government would be allowed to play for the jury song 01 (video only), song 03 (audio), song 04 (audio and video), and song 05 (audio and video) so long as the Government lays a proper foundation. As to the BMG Pound songs, the Court ordered redactions of specific lines in Songs 04 and 05 where the artist, presumably defendant Ashton Price, implicates co-defendants Evans Lewis and Curtis Neville in criminal activity.

The Government moves for reconsideration of the aspect of the Court's ruling that requires the redactions in Songs 04 and 05. Citing *United States v. Vasquez*, 766 F.3d 373 (5th Cir. 2014), the Government contends that *Bruton v. United States*, 391

15-CR-154 *United States of America v. Price, et al.*
Government's Motion for Reconsideration (Rec. Doc. 437)
Page 1 of 5

U.S. 123 (1968), does not require the redactions, and that the inculpatory statements should otherwise be admissible.

While the Government concedes that the Fifth Circuit has never conclusively held that the *Bruton* prohibition only applies to testimonial statements, *United States v. Vasquez*, 766 F.3d 373, 378-79 (5th Cir. 2014), the Court agrees that the decision suggests that the Fifth Circuit will eventually join those circuits that hold that *Bruton* does not apply to non-testimonial statements. But *Bruton* aside, the Court is persuaded that the redactions are proper nonetheless.

### *Evans Lewis a/k/a Eazy*

The Government contends that Price's reference to Lewis in Song 05, "My brother Eazy told me to do it for the team," which appears immediately before a reference to Cheddar Black, falls within two well-recognized exceptions to the hearsay rule — Rule 801(d)(2)(E) statements made by a co-conspirator in furtherance of a conspiracy, and Rule 804(b)(3) statements against penal interest.[1]

The Government's reliance on Rule 801(d)(2)(E) is misplaced. As Lewis points out in his opposition, Lewis is one of the defendants who had been arrested and continuously incarcerated since 2011, long before the BMG Pound/Dusty Money Entertainment songs were released.[2] For this reason, the Court ruled that Song 05

---

[1] The Government alleges that Cheddar Black was killed by a rival gang, and in retaliation for his death members of the enterprise allegedly killed Quelton Broussard. (Superseding Indictment Overt Act 19).

[2] Song 05 was not uploaded to the internet until April 20, 2013.

15-CR-154 *United States of America v. Price, et al.*
Government's Motion for Reconsideration (Rec. Doc. 437)
Page 2 of 5

would not be admissible against Lewis. (Rec. Doc. 425 at 20). The clear implication of this ruling is that Song 05 is not admissible against Lewis as a Rule 801(d)(2)(E) coconspirator statement.

Given that the Government continues to question whether Lewis's lengthy and continuous incarceration prior to the release of Song 05 provides a basis to conclude that he was no longer part of the conspiracy in 2013, the Court also observes that even if Song 05 in its entirety is a statement made in furtherance of the conspiracy — *i.e.*, made to intimidate the relevant community and to affirm the supremacy of the enterprise — the potentially inculpatory statement and highly prejudicial statement against Lewis is not. The statement does not advance the ultimate object of the conspiracy and arguably references past conduct. *See United States v. Cornett*, 195 F.3d 776, 783-84 (5th Cir. 1999). The Court is not suggesting that line-by-line parsing to determine admissibility is appropriate or necessary when a song or other narrative is admissible as a coconspirator statement when taken as a whole, but the redacted lines are not necessary to the purpose for which the Government wants to admit the song. And given that Song 05 may be just that — a song — the probative value of Pound's inculpatory statement against Lewis does not outweigh its highly and potentially unfair risk of prejudice.

The Court likewise finds the Government's argument based on the Rule 804(b)(3) statement against interest exception to be unpersuasive. Song 05 is not necessarily a self-inculpatory statement by Price against his own interest given the nature of gangsta rap, and even if it was, it remains unclear whether the non-self-

15-CR-154 *United States of America v. Price, et al.*
Government's Motion for Reconsideration (Rec. Doc. 437)
Page 3 of 5

inculpatory statement against Lewis contained within qualifies for the exception. *See United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012 (discussing *Williamson v. United States*, 512 U.S. 594 (1994)). But even if this legal question were construed in favor of the Government, the Court remains convinced that the probative value of Pound's inculpatory statement against Lewis does not outweigh its prejudice.

### *Curtis Neville*

The Court denies reconsideration as to Neville based on the Rule 804(b)(3) statement against interest exception for the same reasons that it was denied as to Lewis.

As to the Government's reliance on Rule 801(d)(2)(E), statements made by a co-conspirator in furtherance of a conspiracy, the Court agrees with Neville's contention that the redacted statements, which single out Neville as a drug dealer and shooter, are not statements that further the conspiracy.[3]

In sum, even if *Bruton* is not applied to the redacted inculpatory statements, the redactions are not admissible under either of the hearsay exceptions identified by the Government. And hearsay problems aside, the statements are not necessary to the

---

[3] Song 04: "My nigga Poonie baggin' O's until the scale break"; Song 05: "see Lil Poonie, that's my shooter, he be on that sight."
The Court continues to reject the Government's contention regarding Neville's adoption of Pound's inculpatory statements given that the videos in this case were heavily edited in the production process. That Judge Feldman found an adoptive admission in a rap video in the *Hankton* matter is not particularly persuasive as to any video in this case given that every video will be different. The Court does not question that an adoptive admission can occur in a music video, but it does not follow that the facts and circumstances in this specific case support that inference.

15-CR-154 *United States of America v. Price, et al.*
Government's Motion for Reconsideration (Rec. Doc. 437)
Page 4 of 5

purposes that the Government has identified for admitting the rap songs at issue in this case. The minimal probative value of the redactions will not outweigh the unfair prejudice to Lewis and Neville that will result from admitting the statements. [4]

August 3, 2016

                                                                            _____
                                                                             JUDGE JAY C. ZAINEY
                                                                     UNITED STATES DISTRICT JUDGE

---

[4] The Government's attempt to analogize the Pound rap songs productions to a Title III interception where one defendant implicates himself and other defendants fails to persuade the Court. Musical productions like those at issue in this case are not the same as a recording of an unscripted conversation made surreptitiously and contemporaneously with events as they unfold.

15-CR-154 *United States of America v. Price, et al.*
Government's Motion for Reconsideration (Rec. Doc. 437)
Page 5 of 5